134-07/DPM/MAM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
TRADER SPECIAL MARITIME ENTERPRISES
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Don P. Murnane, Jr. (DM 3639)
Manuel A. Molina (MM 1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
TRADER SPECIAL MARITIME ENTERPRISES,          07 CIV. 5809 (AKH)

              Plaintiff,                    **AMENDED VERIFIED**
-against-                                                           **COMPLAINT**

CALDER SEA CARRIER CORP.,

              Defendant.
----------------------------------------------------------------x

      Plaintiff TRADER SPECIAL MARITIME ENTERPRISES ("TSME"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant CALDER SEA CARRIER CORP. (hereinafter "CALDER"), alleges upon information and belief as follows:

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of a maritime charter party contract. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.* and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and /or §201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

      2.     At all times relevant hereto, TSME was and still is a foreign business entity organized and existing under the laws of a foreign country, with an office and place of business at 4 Akti Moutsopolou, Piraeus, 185-35 Greece. TSME is the registered owner of the vessel M/V TRADER.

3. At all times relevant hereto, CALDER was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business at 54A Akti Posidonos, Paleo Faliro, 175-62 Athens, Greece.

4. On or about January 2, 2007, TSME, as owner of the M/V TRADER, entered into a maritime contract on a GENCON charter party form with CALDER, as charterer, for the use and operation of the vessel.

5. The voyage charter party contract between TSME and CALDER contemplated one charter trip.

6. TSME duly tendered the vessel under the charter party agreement and the vessel commenced performance under the command and operation of CALDER.

7. TSME has met all of its obligations to CALDER pursuant to their charter party agreement.

8. Pursuant to the terms of the parties' maritime contract, CALDER was obligated to make several freight payments totaling the sum of $2,150,000. A freight payment in the sum of $107,035.71, however, remains due and owing from CALDER to TSME.

9. TSME has demanded payment from CALDER in the sum of $107,035.71. CALDER, however, in breach of the charter party contract with TSME, has refused or has otherwise failed to pay.

10. In addition, Defendant CALDER incurred demurrage (less address and brokerage commission) at the discharge ports of Larnaca, Durres, Skikda, Barcelona and Genoa for which it is liable to TSME under the terms of the subject charter party, which demurrage totals the sum of $786,263.90 allocated as follows: (a) Larnaca, 3.97223 days at $17,500/day for the sum of $69,514.03; (b) Durres, 4.97569 days at $17,500/day for the sum of $87,074.58; (c) Skikda, 2.65972 days at $17,500/day for the sum of $46,545.10; (d) Barcelona, 7.77014 days at

$17,500/day for the sum of $135,977.45; and (e) Genoa, 27.30208 days at $17,500/day for the sum of $477,786.40. Despite due demand for payment by TSME, CALDER, however, in breach of the charter party contract with TSME, has refused or has otherwise failed to pay.

11.  Under the terms of the subject charter party, Defendant CALDER was responsible for paying the expenses of discharging the cargo at Genoa, which expenses total the net sum of $64,828.76 (after the applicable deductions on TSME's account have been made, *i.e.* spare part clearance, hotel expenses, crew expenses and garbage). Further, as a result of CALDER's actions at the Port of Genoa, TSME incurred legal expenses totaling $12,600, reflecting the attorneys' fees TSME had to pay to Studio Legale Mordiglia. Despite due demand for payment by TSME, CALDER, however, in breach of the charter party contract with TSME, has refused or has otherwise failed to pay.

12.  CALDER also ordered the vessel to call at an 8th port, in breach of Clause 49 of the charter party, which only permitted CALDER to require the vessel to call at seven berths/ports in total. As a result of this breach, Plaintiff has suffered damages in lost steaming time and consumed bunkers in the amount of $40,969.33, which reflects the vessel's time (1.17 days at $25,000/day, or $29,333.33, and bunkers consumed during that period of time for a value of $11,636.24). Despite due demand for payment by TSME, CALDER, however, in breach of the charter party contract with TSME, has refused or has otherwise failed to pay.

13.  During the period when the vessel was operating under charter and at other times, Defendant CALDER has arranged and/or has otherwise directed that payments or other funds which were due to TSME under the charter party be paid by CALDER's agents and/or paying agents Oceanlink Navigation Co., Ltd. and Oceanpoint Shipping S.A, or that payments that were due to CALDER be made instead to Oceanlink Navigation Co., Ltd. and/or Oceanpoint Shipping

S.A. Payments for freight due under the charter party were in fact made on behalf of CALDER by these entities as paying agents.

14. Defendant CALDER has in the past been the subject of various Rule B attachment applications in this District (*e.g.* Docket Nos. 07-1787 (DC); 06-4732 (DC)). Upon information and belief, Defendant CALDER has utilized Oceanlink Navigation Co., Ltd. and Oceanpoint Shipping S.A. as paying agents for the purposes of circumventing Rule B Processes of Maritime Attachment and Garnishment directed against CALDER.

15. Pursuant to the terms of the charter party contract, all disputes are subject to London arbitration, with English law to apply. TSME has commenced arbitration proceedings against CALDER in London. TSME specifically reserves its right to arbitrate the merits of its dispute with CALDER pursuant to the terms of the charter party contract.

16. This action is brought in order to obtain security in favor of TSME in respect to its freight claim against CALDER, including but not limited to interest, TSME's anticipated attorneys' fees and costs in the arbitration, all of which are recoverable as part of the Plaintiffs' main claim under English law.

17. After investigation, Defendant CALDER cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant or as may be held, received or transferred for its benefit in the name of its paying agents Oceanlink Navigation Co., Ltd. and Oceanpoint Shipping S.A. at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

18. As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by TSME against CALDER includes:

(a) TSME's claim for outstanding freight in the sum of $107,035.71;

(b) TSME's claim for outstanding demurrage in the sum of $786,263.90;

(c) TSME's claim for port expenses at the Port of Genoa in the sum of $64,828.76;

(d) TSME's claim for legal fees incurred at the Port of Genoa in the sum of $12,600;

(e) TSME's claim for breach of Clause 49 of the charter party in the sum of $40,969.33

(f) Interest in the amount of $197,906.45, calculated on the above sums at the rate of 6% per annum, compounded quarterly, for three years, the estimated time it will take to obtain a final arbitration award, which interest is recoverable under English law; and

(g) Legal fees, arbitrator fees and costs that will be incurred by Plaintiff in respect to the London arbitration which are recoverable pursuant to English law and are estimated to be in the sum of $150,000.00.

19. Based upon the foregoing, the total amount TSME seeks to attach in this action, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, is **$1,359,604.15.**

W H E R E F O R E, Plaintiffs TRADER SPECIAL MARITIME ENTERPRISES prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant CALDER SEA CARRIER CORP., citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim of $1,011,697.7, plus interest, costs and attorneys' fees;

b. That if the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as described herein, up to and including the amount of the claims of **$1,359,604.15** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendant or as may be held, received or transferred for its benefit in the name of its paying agents OCEANLINK NAVIGATION CO., LTD. and OCEANPOINT SHIPPING S.A. at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein;

c. That the Court enter an order directing Defendant to appear and respond in arbitration as required, or, to the extent an award is rendered against the Defendant, to confirm that award as a judgment of this Court; and

d. That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
June 20, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
TRADER SPECIAL MARITIME ENTERPRISES

By: /s/ Manuel A. Molina
Don P. Murnane, Jr. (DM 3639)
Manuel A. Molina (MM 1017)
80 Pine Street
New York, NY 10005

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

Manuel A. Molina, being duly sworn, deposes and says:

1. I am an attorney with the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action. I have read the foregoing Amended Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within the State of New York.

_____
Manuel A. Molina

Sworn to before me this
20th day of June, 2007

_____
NOTARY PUBLIC

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010

NYDOCS1/285551.1                    7